UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                         Case No. 21-CR-40

JESSE A. GRIGNON,

        Defendant.

## ORDER DENYING MOTION FOR RECONSIDERATION

On January 25, 2021 a Complaint was filed charging Defendant Jesse Grignon with physical abuse of a child in violation of 18 U.S.C. §§ 1153(a) and 2 and Wisconsin State Statute § 948.03(2)(b)4, and neglect of a child in violation of 18 U.S.C. §§ 1153(a) and 2 and Wisconsin Statute §§ 948.21(2)(g) and (3)(e)1.  On January 27, 2021, Grignon appeared before a magistrate judge for an initial appearance and was released with conditions.  On March 23, 2021, Defendant appeared via Zoom on the Superseding Indictment and the Magistrate Judge was advised that Grignon was not complying with his conditions of release, including violations of the no-contact provisions of release and failure to report for scheduled drug tests.  The parties were advised to notify the Court forthwith of any future non-compliance.  The very next day Menominee Tribal Police Officers witnessed the co-defendant in this matter exiting Grignon's residence and, after speaking with her and obtaining admissions that she had been staying at Defendant's residence, U.S. Probation notified the Court and Grignon was ordered to appear before the Court for a bond review hearing.  At that hearing scheduled April 13, 2021, Grignon failed to appear and an arrest warrant was issued.  A hearing was held on July 9, 2021, after Grignon's arrest and he was ordered

detained after a determination was made that no set of conditions could reasonably assure both the safety of the community and timely future appearances due to his previous failure to appear, drug use, and consistent violation of the no-contact provisions imposed.

On July 9, 2021 Grignon entered a plea of guilty and the Court also addressed his newly-filed motion for reconsideration of his detention. The Court again denied release. On July 26, 2021, Grignon filed a second motion for reconsideration, stating that the mother of two of his children died on July 24, 2021, and he sought immediate release because "his children need him." The Court requested a response from the Government and Probation, and it is to that motion that I now turn.

The Government states that Grignon failed to identify his supposed future employer and also failed to mention that the deceased mother of his two children did not have regular contact with him even before his incarceration. In addition, the Government opines that the two children referenced were not in the care of their mother at the time of her death. Both children were previously placed elsewhere for some time and there is insufficient evidence that there was a strong enough bond between the defendant and his children to justify his release–especially in light of his inability to avoid illegal drug use on pre-trial release. ECF No. 45 at 2. U.S. Probation also requests that the motion be denied, stating that their recommendation at Defendant's sentencing will be for the imposition of a Guideline sentence. ECF No. 46 at 2. Probation also notes that, due to the nature of the charges levied in this matter, one of the conditions imposed was an absolute restriction against unsupervised contact with any children under 18. *Id*. at 2–3. Even a release on previously imposed conditions would preclude Grignon from maintaining custody of his children. In addition, because the child referenced in the pretrial report was neither in the custody of the

defendant nor the decedent, U.S. Probation has no information to suggest that placement with Grignon is possible. *Id*. at 3. For all of those reasons, Grignon's motion is denied.

**SO ORDERED** at Green Bay, Wisconsin this 30th day of July, 2021.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge